**AFFINITY FINANCIAL CORPORA-TION and Waterfield Financial Services, Inc., Appellees**

v.

**AARP FINANCIAL, INC., Appellant.**

**Nos. 11–7081, 11–7130.**

United States Court of Appeals, District of Columbia Circuit.

March 9, 2012.

Ulka Patel Shriver, Esquire, Nealon & Associates, P.C., Alexandria, VA, for Appellees.

Jack McKay, Esquire, Pillsbury Winthrop Shaw Pittman LLP, Washington, DC, for Appellant.

Before: SENTELLE, Chief Judge, and SILBERMAN and WILLIAMS, Senior Circuit Judges.

***JUDGMENT***

PER CURIAM.

This petition was considered on the record from the United States District Court

for the District of Columbia and the briefs submitted by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. R. 34(j). The Court has accorded the issues full consideration and has determined they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). It is

**ORDERED AND ADJUDGED** that the decision of the district court is affirmed.

■ Appellant AARP Financial appeals a district court order confirming an arbitral award granted to Appellee Affinity Financial and denying AARP Financial's motion to vacate the award. We affirm the district court's decision because, while an arbitral panel "may not ignore the plain language of the contract," *United Paperworkers Int'l Union, AFL–CIO v. Misco, Inc.,* 484 U.S. 29, 38, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987), the arbitral panel did not do so here. The arbitrators considered whether Affinity received the benefit of the royalty fee and decided that "Affinity likely derived some benefit from its association from AARP, but surely not the level of benefit it anticipated." Award at 3. AARP Financial is at most contending that the Panel *misread* the contract, rather than *ignored* it, and "a court should not reject an award on the ground that the arbitrator misread the contract." *United Paperworkers,* 484 U.S. at 38, 108 S.Ct. 364.

■ AARP Financial's excess-of-authority argument is really centered on the idea that a fee labeled "non-refundable" cannot be ordered refunded under any circumstances, even as damages when both parties breached the contract. That is a question of law not addressed by the language of the Agreement and is better understood as suggesting that the Panel acted in "manifest disregard of the law." *See Kanuth v. Prescott, Ball & Turben, Inc.,* 949 F.2d 1175, 1178 (D.C.Cir.1991). A manifest disregard of the law, however, is

"more than error or misunderstanding with respect to the law." *Id.* Assuming without deciding that the "manifest disregard of the law" standard still exists after *Hall St. Assocs. v. Mattel, Inc.,* 552 U.S. 576, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008), AARP Financial did not demonstrate (or even argue on appeal) that "(1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case." *LaPrade v. Kidder, Peabody & Co., Inc.,* 246 F.3d 702, 706 (D.C.Cir.2001).

Because the Panel did not ignore the language of the Agreement, and because AARP Financial has failed to demonstrate that the Panel knew of and disregarded a well-defined, explicit legal principle when it refunded the royalty fee, we affirm the district court's decision confirming the Award and denying the motion to vacate. We need not reach the attorney-fee question raised by petitioners because AARP Financial only asked us to consider it if we find that the district court erred in confirming the Award, and we do not.

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc. See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.